UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF SALOMON BROTHERS MORTGAGE SECURITIES VII, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1997-HUD2, <br><br> *Plaintiff*, <br><br> v. <br><br> EARL E. ROSS JR. *and* CHERYL L. ROSS, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § | CIVIL ACTION H-15-2385 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association as Trustee for the Registered Holders of Salomon Brothers Mortgage Securities VII, Inc., Mortgage Pass-through Certificates, Series 1997-HUD2's ("U.S. Bank") motion for default judgment (Dkt. 14) against defendants Earl E. Ross Jr. and Cheryl L. Ross. Dkt. 14. Having considered the complaint, motion, record evidence, and applicable law, the court is of the opinion that the motion should be DENIED and the case should be DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

On August 28, 2015, U.S. Bank filed a complaint against Earl E. Ross Jr. and Cheryl L. Ross seeking to foreclose on the property located at 21426 Highland Knolls Drive, Katy, Texas, 77450

(the "Property"). Dkt. 1. On September 3, 2015, Earl E. Ross Jr. was served with process, and the deadline for him to answer or appear in this action was September 24, 2015. Dkt. 5. On December 7, 2015, Cheryl L. Ross was served with process, and the deadline for her to answer or appear was December 28, 2015. Dkt. 8. Neither defendant has answered or appeared in this case. On January 26, 2017, U.S. Bank filed a motion for default judgment seeking declaratory judgment to foreclose on the Property. Dkt. 14.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Further, by such failure to plead or defend, "[t]he defendant . . . [only] admits the plaintiff's well-pleaded allegations of fact." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## III. ANALYSIS

As a threshold matter, the court finds that U.S. Bank has failed to plead a valid cause of action. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In

the complaint, U.S. Bank pleads "judicial foreclosure" as its cause of action. Dkt. 1 at 5. However, judicial foreclosure is a remedy rather than a cause of action. *See In re Erickson*, 566 Fed. Appx. 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue judicial foreclosure as a remedy"). To be entitled to relief, U.S. Bank could have pled a cause of action such as breach of contract or breach of promissory note. *See, e.g.*, *Bazan v. JPMorgan Chase Bank*, 7:13-CV-433, 2014 WL 12531349, at *1 (S.D. Tex. June 19, 2014) (Alvarez, J.) (holding that a lender was entitled to judicial foreclosure after the lender established the borrower's breach of contract).

Moreover, even if U.S. Bank pled a valid cause of action, a lender is entitled to judicial foreclosure only if the lender affirmatively demonstrates that the borrower is in default. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (Miller, J.), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014). Specifically, there are four requirements a lender must meet in order to show it is entitled to an order of judicial foreclosure. *Id.* The plaintiff must show "that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [defendants] are in default under the note and security instrument; and (4) [defendants] received notice of default and acceleration." *Id.*; *see, e.g.*, *Wheeler v. U.S. Bank Nat'l Ass'n*, CV H-14-0874, 2016 WL 554846, at *7 (S.D. Tex. Feb. 10, 2016) (Lake, J.); *Boren v. U.S. Nat'l Bank Ass'n*, CIV.A. H-13-2160, 2014 WL 5486100, at *3 (S.D. Tex. Oct. 29, 2014) (Miller, J.), *aff'd*, 807 F.3d 99 (5th Cir. 2015). In the instant case, U.S. Bank has alleged the first and third elements in its complaint, but has not met the second or fourth requirements. Dkt. 1 at 4–6. The court cannot grant a default judgment when the plaintiff has not pled a valid cause of action. *See* Fed. R. Civ. P. 8(a). Accordingly, U.S. Bank's motion for default judgment is DENIED.

## IV. Conclusion

For the reasons stated herein, U.S. Bank has not raised a viable claim for which the court can grant U.S. Bank judicial foreclosure. Therefore, U.S. Bank's motion for default judgment (Dkt. 14) is DENIED and this case is DISMISSED WITHOUT PREJUDICE for want of prosecution.

Signed at Houston, Texas on June 26, 2017.

_____
Gray H. Miller
United States District Judge